**SEYFARTH SHAW LLP**
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Lauren Schwartz (SBN 312253)
lschwartz@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:     (310) 277-7200
Facsimile:     (310) 201-5219

Attorneys for Defendants
Daniel & Yeager, LLC; Team Health, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR BIBI, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> VxL Enterprises, LLC; Daniel & Yeager, LLC; Sycamore Provider Contracting, LLC; Team Health, LLC, <br><br> Defendant. | Case No. 3:21-cv-04670-EMC <br><br> **NOTICE OF MOTION AND MOTION IN SUPPORT OF DANIEL & YEAGER, LLC'S AND TEAM HEALTH, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:     December 16, 2021 <br> Time:     1:30 p.m. <br> Ctrm:     5 <br><br> Complaint Filed:     June 17, 2021 <br> FAC Filed:     September 24, 2021 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2021 at 1:30 p.m. in Courtroom 5 before the Honorable Edward M. Chen of the U.S. District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Daniel & Yeager, LLC ("D&Y") and Team Health, LLC ("Team Health" and with D&Y, "Defendants") will and hereby do move this Court for an order granting their Motion to Dismiss Plaintiff Omar Bibi, M.D.'s ("Plaintiff") First Amended Complaint ("FAC") pursuant to the Federal Rule of Civil Procedure § 12(b)(6).

Defendants request that the Court dismiss the FAC with prejudice on the grounds that Plaintiff's FAC fails to allege a cognizable legal theory (*Zamani v. Carnes*, 491 F. 3d 990, 996 732 (9th Cir. 2007)) or sufficient facts as required by *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) to state a claim.

This Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities in Support, the Declaration of Lauren S. Schwartz, the pleadings, records and papers filed in this action, the arguments of counsel, and any such further evidence as the Court may consider at, before or following the hearing on this Motion.

DATED: November 8, 2021                    SEYFARTH SHAW LLP

By: */s/ Lauren S. Schwartz*
Jonathan L. Brophy
Lauren S. Schwartz
Attorneys for Defendants
Daniel & Yeager, LLC and Team Health, LLC

## **TABLE OF CONTENTS**

I.    PLAINTIFF CONTRACTS WITH D&Y AS A *LOCUM TENENS* PHYSICIAN AND IS LATER TERMINATED FOR NON-DISCRIMINATORY, NON-RETALIATORY REASONS ..................................................................................................................1

    A.    Defendant VxL Operates A Field Hospital At The San Quentin Prison ............................1

    B.    Defendant D&Y Enters Into A *Locum Tenens* Contract With Plaintiff .............................2

    C.    Defendant VxL Questions Plaintiff's Job Performance For Reasons Unrelated To His Protected Statuses .......................................................................................................2

    D.    Defendant VxL Terminates Plaintiff's *Locum Tenens* Assignment At The Prison ...........2

II.   PLAINTIFF'S ORIGINAL COMPLAINT ASSERTED NON-VIABLE EMPLOYMENT CLAIMS BECAUSE, AS A MATTER OF LAW, PLAINTIFF WAS NOT AN EMPLOYEE ..........................................................................................................................3

III.  PLAINTIFF FILED HIS FAC BASED ON HIS PAST CONTRACTUAL *LOCUM TENENS* RELATIONSHIP .......................................................................................................3

IV.   PLAINTIFF'S FAC IS SUBJECT TO A MOTION TO DISMISS UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM ..................................................................4

V.    PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION UNDER SECTION 1981 MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED, AND CANNOT ALLEGE, THE REQUIRED BUT-FOR CAUSATION NECESSARY TO MAINTAIN THE CAUSE OF ACTION ...........................................................5

VI.   PLAINTIFF'S THIRD CAUSE OF ACTION FAILS FOR THE ADDITIONAL REASON THAT IT FAILS TO SET FORTH SUFFICIENT FACTS TO STATE A CLAIM .........................................................................................................................................7

VII.  PLAINTIFF'S FOURTH CAUSE OF ACTION MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER THE UNRUH ACT OR SECTION 51.5 ......................8

    A.    Plaintiff's Claim Fails Under The Unruh Act Because He Has Not Alleged, And Cannot Allege, That The Unlawful Conduct Occurred In The Provision Of "Goods, Services, Or Facilities" In A Context That Was Similar To A "Customer-Proprietor Relationship" .....................................................................................................9

    B.    Plaintiff's Claim Fails Under Section 51.5 For The Same Reasons Plaintiff's Unruh Act Claim Fails ...................................................................................................11

VIII. PLAINTIFF SHOULD NOT BE PERMITTED LEAVE TO AMEND BECAUSE THE DEFICIENCIES IN THE FAC CANNOT BE CURED ..................................................11

IX.   CONCLUSION ..............................................................................................................12

76691632v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adcock v. Chrysler Corp.*,
166 F.3d 1290 (9th Cir. 1999) ...................................................................................3

*Ali v. Synaptics, Inc.*,
2019 WL 10250947 (N.D. Cal. Feb. 21, 2019) ..........................................................3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................4, 6, 7, 8

*Astre v. McQuaid*,
804 F. App'x. 665 (9th Cir. 2020) ...............................................................................6

*Bell Atlantic Corp v. Twombly*,
550 U.S. 544 (2007) ......................................................................................................4

*Brown v. Contra Costa Cty.*,
2013 WL 5422947 (N.D. Cal. Sept. 27, 2013) .............................................................6

*Comcast Corp. v. Nat'l Ass'n. of African Am.-Owned Media*,
140 S. Ct. 1009 (2020) ..................................................................................................6

*Dandridge-Barnett v. Barnes & Noble*,
2014 WL 5761225 (C.D. Cal. Nov. 5, 2014) ...............................................................6

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .....................................................................................5, 9

*Denton v. Hernandez*,
504 U.S. 25 (1992) .......................................................................................................11

*Domino v. Kentucky Fried Chicken*,
2020 WL 5847306 (N.D. Cal. Oct. 1, 2020) ................................................................6

*In re Gilead Scis. Secs. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ......................................................................................4

*Jacobson v. Schwarzenegger*,
357 F. Supp. 2d 1198 (C.D. Cal. 2004) .......................................................................3

*Johnson v. Riverside Healthcare Sys., LP*,
534 F.3d 1116 (9th Cir. 2008) ....................................................................8, 9, 10, 11

*Saucer v. Bank of America*,
1997 WL 703781 (N.D. Cal. Oct. 16, 1997) ..............................................................11

NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA ISO THEREOF (CASE NO. 3:21-CV-04670-EMC)
76691632v.3

*In re Silicon Graphics, Inc. Sec. Litig.*,
  970 F. Supp. 746 (N.D. Cal. 1997) .................................................................5

*Strother v. Southern California Permanente Medical Group*,
  79 F.3d 859 (9th Cir. 1996) ..............................................................9, 10, 11

*U.S. v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ...........................................................................5

*Zamani v. Carnes*,
  491 F. 3d 990 (9th Cir. 2007) .........................................................................4

**State Cases**

*Alcorn v. Anbro Eng'g., Inc.*,
  2 Cal.3d 493 (1970) .........................................................................................9

*Rojo v. Kliger*,
  52 Cal.3d 65 (1990) .........................................................................................9

*Stamps v Superior Court*,
  136 Cal App 4th 1441 (2006) ..........................................................................9

**Federal Statutes**

42 U.S.C. § 1981 ..................................................................................... *passim*

42 U.S.C. § 1981(a) ..........................................................................................5

42 U.S.C. § 2000e *et seq.* ................................................................................3

**State Statutes**

CAL. BUS. & PROF. CODE § 2418(b) .................................................................3

CAL. BUS. & PROF. CODE § 2418(d) .................................................................3

Cal. Civ. Code § 51 ...............................................................................8, 9, 10, 11

Cal. Civ. Code § 51.5 ...............................................................................8, 11

Cal. Gov. Code § 12940(a) *et seq.* .............................................................3, 10

Unruh Act ............................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 8(a)(2) ......................................................................................4

Fed. R. Civ. P. 12(B)(6) ..........................................................................4, 5, 12

At its core, Plaintiff Omar Bibi, M.D.'s lawsuit against Defendants Daniel & Yeager, LLC ("D&Y") and Team Health, LLC ("Team Health") is a discrimination, retaliation and failure to hire action, even though Plaintiff never was, and legally cannot be, a former employee.

Plaintiff contends that D&Y and Team Health discriminated against him because of his color, race, ethnicity, religion or national origin and then retaliated against him for complaining about the discrimination.  Plaintiff asserts four claims under two statutes: 42 U.S.C. § 1981 and the Unruh Act, respectively.  Both claims fail for the following three reasons.

**First,** Plaintiff's Section 1981 claims do not allege but-for causation, as required by U.S. Supreme Court authority.  To the contrary, Plaintiff's FAC alleges multiple, race-neutral reasons for the alleged adverse action.  Thus, his claim cannot stand and must be dismissed.

**Second**, Plaintiff's failure to hire claim under Section 1981 fails for the additional reason that it offers nothing more than "labels or legal conclusions" and instead offers "naked assertions devoid of further factual enhancement," which do not state a claim upon which relief may be granted.

**Third**, Plaintiff's Unruh Act claim does not allege that the unlawful conduct occurred in the provision of "goods, services, or facilities" in a context that was similar to a "customer-proprietor relationship."  To the contrary, the gravamen of Plaintiff's FAC is an unsupportable claim of workplace discrimination and retaliation akin to the relationship between an employee-employer, which is not protected by the Unruh Act (and which relationship Plaintiff cannot establish because of the applicable *locum tenens* statutes which dictate Plaintiff was an independent contractor, not an employee.)

For these reasons, the Court should grant Defendants' Motion to Dismiss and enter an order dismissing the FAC in its entirety without leave to amend.

## I.      PLAINTIFF CONTRACTS WITH D&Y AS A *LOCUM TENENS* PHYSICIAN AND IS LATER TERMINATED FOR NON-DISCRIMINATORY, NON-RETALIATORY REASONS

Plaintiff alleges that he is of "Tunisian decent (North Africa), holds a Tunisian passport, identifies as a Caucasian Arab, is a Muslim and of Islamic religion." (FAC, ¶ 10.)

### A.      Defendant VxL Operates A Field Hospital At The San Quentin Prison

Plaintiff claims that Defendant VxL Enterprises, LLC ("VxL") contracted with the California state prison system to provide COVID-19 medical relief to inmates at the San Quentin prison in Marin

1

County, California (the "Prison") (FAC, ¶ 11.)  Specifically, he claims that VxL set up a field hospital on the Prison grounds to treat sick inmates.  (FAC, ¶ 12.)

### B.      Defendant D&Y Enters Into A *Locum Tenens* Contract With Plaintiff

Plaintiff alleges that VxL staffed the field hospital with physicians that it acquired from *locum tenens* companies, including D&Y.  (FAC ¶ 13.)  *Locum tenens* companies operate like temporary staffing agencies by placing the physicians it contracts with at its health-care client's facilities.  (FAC, ¶ 13.)  In July 2020, Plaintiff claims that he entered into a contract with D&Y to work at the field hospital at the Prison from July 20, 2020 to August 20, 2020.  (FAC, ¶ 14.)

### C.      Defendant VxL Questions Plaintiff's Job Performance For Reasons Unrelated To His Protected Statuses

Plaintiff also claims that Defendant VxL's Chief Medical Officer, Dr. Andre Pennardt, "criticized" Plaintiff's job performance.  (FAC, ¶ 18.)  Specifically, Plaintiff asserts that Dr. Pennardt criticized him for leaving the premises during working hours, being late to work, "skulking," and of not wearing proper protective gear.  (FAC, ¶ 18.)  Plaintiff alleges that he told Dr. Pennardt that "the so-called work rules" were being unevenly applied and that Dr. Pennardt responded, "but I didn't see *them*."  (FAC, ¶ 18.)

### D.      Defendant VxL Terminates Plaintiff's *Locum Tenens* Assignment At The Prison

Plaintiff alleges that he reported Dr. Pennardt's alleged discriminatory conduct to Nicole Seibert, Plaintiff's contact at D&Y.  (FAC, ¶ 20.)  Plaintiff claims that his contract was terminated soon after he complained to Seibert.  (*See e.g.*, FAC,  ¶¶ 20, 21.)  He asserts that "Craig LNU at D&Y" told him that he was "terminated for cause" and that Dr. Pennardt told him that that he was terminated "because he was 'too much of a liability.'"  (*Id.* ¶ 21.)

Lastly, Plaintiff alleges that he has since applied for twenty-six separate jobs in Alabama with Defendants, but was not hired for discriminatory reasons or in retaliation for complaining to Seibert or for filing this action.  (FAC, ¶¶ 28, 30, 35, 38-41, 44, Ex. 1.) [1]

---

[1] /      Defendants are concurrently filing a Motion to Transfer Venue.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    PLAINTIFF'S ORIGINAL COMPLAINT ASSERTED NON-VIABLE EMPLOYMENT CLAIMS BECAUSE, AS A MATTER OF LAW, PLAINTIFF WAS NOT AN EMPLOYEE

On June 17, 2021, Plaintiff filed his original Complaint alleging discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the California Fair Employment Housing Act (FEHA), Cal. Gov. Code § 12940(a) *et seq.*  (*See* Complaint ("Compl."))

Specifically, Plaintiff claimed that he was terminated because of his race, national origin or ethnicity, and was retaliated against because he complained to Seibert about Dr. Pennardt's alleged discriminatory conduct.  (*See* Compl.)

However, the relationship between *locum tenens* agencies (*i.e.*, D&Y) and their physicians (*i.e.*, Plaintiff) is that of independent contractor, not employer-employee.  CAL. BUS. & PROF. CODE §§ 2418(b), (d).

Thus, Plaintiff could not state a claim under either cause of action because Title VII and FEHA only protect employees.  *See Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) (citations and internal quotations omitted) (affirming district court's order of summary judgment on plaintiff's Title VII claim because there was no employment relationship between the parties); *Ali v. Synaptics, Inc.*, 2019 WL 10250947, at *2 (N.D. Cal. Feb. 21, 2019) (granting motion to dismiss national origin discrimination and retaliation claims under Title VII and FEHA because Plaintiff was an independent contractor); *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1213 (C.D. Cal. 2004) ("The anti-discrimination provisions of Government Code section 12940(a) do not cover independent contractors.")

## III.    PLAINTIFF FILED HIS FAC BASED ON HIS PAST CONTRACTUAL *LOCUM TENENS* RELATIONSHIP

After D&Y and Team Health demonstrated to Plaintiff that his lawsuit failed as a matter of law, Plaintiff was forced to amend the Complaint.  (*See* Declaration of Lauren Schwartz ("Schwartz Decl."), ¶¶ 3-8.)

On September 24, 2021, Plaintiff filed the operative FAC.  (*See* FAC.)  Plaintiff's FAC removed the Title VII and FEHA claims, effectively conceding that he was an independent contractor.  (*See* FAC.)

3

1

2

3

4

5

Plaintiff now asserts claims under 42 U.S.C. § 1981 and the Unruh Act based on the same alleged discriminatory and retaliatory conduct alleged above.  (*See* FAC.)  However, the FAC also adds a new claim regarding a purported failure to hire.  (*See* FAC, ¶¶ 38-41.)  Specifically, Plaintiff alleges that Defendants blacklisted him and failed to hire him for twenty-six independent positions that he claims he applied to over a six-month period. (FAC, ¶¶ 28, 30, 35, 38-41, 44, Ex. 1.)

6

7

## IV.   PLAINTIFF'S FAC IS SUBJECT TO A MOTION TO DISMISS UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

8

9

10

11

12

To state a claim, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) is proper where there is either a **lack of a cognizable legal theory** or the **absence of sufficient facts alleged under a cognizable legal theory**.  *Zamani v. Carnes*, 491 F. 3d 990, 996 732 (9th Cir. 2007).  Plaintiff's FAC fails for both reasons.

13

14

15

16

17

18

19

The Supreme Court has definitively ruled that stating a claim demands more than a mere "the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Indeed, pleadings offering labels, legal conclusions, or naked assertions devoid of further factual enhancement do not state a claim upon which relief may be granted.  *Id*.; *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555 (2007) ("a Plaintiffs' obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted).

20

21

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678.

22

23

24

In determining a motion to dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

25

26

27

Claims only have plausibility sufficient to survive a motion to dismiss when they contain sufficient factual content for the Court to draw the reasonable inference that a defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.

28

4

When ruling on a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated by reference in the complaint." *U.S. v. Ritchie,* 342 F.3d 903, 907-08 (9th Cir. 2003).

"[A] court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) (internal citation and quotation marks omitted) (considering "information posted on certain … web pages that Plaintiffs referenced in the Complaint" where the complaint directly referred to the material posed on those web pages.)

"If courts were prohibited from considering such documents, 'complaints that quoted only selected and misleading portions of [them] could not be dismissed ... even though they would be doomed to failure.  Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements.'" *In re Silicon Graphics, Inc. Sec. Litig.,* 970 F. Supp. 746, 758 (N.D. Cal. 1997) (internal citations omitted) (denying plaintiffs' motion to strike a declaration submitted in support of a motion to dismiss because it referenced materials that were incorporated by reference in plaintiffs' complaint).

## V.  PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION UNDER SECTION 1981 MUST BE DISMISSED BECAUSE PLAINTIFF HAS NOT ALLEGED, AND CANNOT ALLEGE, THE REQUIRED BUT-FOR CAUSATION NECESSARY TO MAINTAIN THE CAUSE OF ACTION

Plaintiff's First, Second, and Third causes of action under Section 1981 fail to state a claim and must be dismissed because Plaintiff has not alleged the requisite but-for causation.

Section 1981 prohibits intentional discrimination on the basis of certain protected characteristics in the making and enforcement of contracts.  The statute specifically provides that "[a]ll persons … shall have the same right … to make and enforce contracts … as is enjoyed by white citizens." 42 U.S.C. § 1981(a).  Making and enforcing contracts includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id.* § 1981(b).

To establish a claim under Section 1981, a plaintiff must allege facts in support of the following elements: (1) Plaintiff is a member of a protected class; (2) Plaintiff attempted to contract for certain

5

services; and (3) Plaintiff was denied the rights to contract for those services. *Dandridge-Barnett v. Barnes & Noble,* 2014 WL 5761225, at *2 (C.D. Cal. Nov. 5, 2014) (citations omitted). The plaintiff must also plausibly allege that the defendant impaired that relationship because of intentional discrimination. *Id.; see also Astre v. McQuaid,* 804 F. App'x. 665, 667 (9th Cir. 2020) (intentional discrimination required); *Brown v. Contra Costa Cty.*, 2013 WL 5422947, at *5 (N.D. Cal. Sept. 27, 2013) (same).

The United States Supreme Court recently clarified that a but-for causation standard applies to Section 1981 claims, and that this standard applies throughout the lifetime of the lawsuit, **including the initial pleading stage**. *Comcast Corp. v. Nat'l Ass'n. of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.").

Following *Comcast Corp.,* Section 1981 claims are to be interpreted "narrowly." *Domino v. Kentucky Fried Chicken*, 2020 WL 5847306, *2 (N.D. Cal. Oct. 1, 2020) (citations omitted).

Claims are implausible at the pleadings stage where the complaint alleges race-neutral reasons for the adverse action. *Astre,* 804 F. App'x. at 667 (upholding dismissal of Section 1981 claims where but-for causation not satisfied); *see also Domino v. Kentucky Fried Chicken*, 2020 WL 5847306, *2 (N.D. Cal. Oct. 1, 2020) (finding that an allegation that discrimination was merely a "motivating factor" in a defendant's actions is insufficient and dismissing a Section 1981 claim where complaint suggested that previous, personal interactions with the plaintiff could have motivated the adverse action.)

Here, Plaintiff's Section 1981 allegations are nothing other than legal conclusions, which are insufficient on their face to state a valid claim and should be disregarded. (*See* FAC, ¶¶ 30, 31, 36, 37); *Iqbal,* 556 U.S. at 678-679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Plaintiff makes no allegations whatsoever that Defendants' **intentional** discrimination because of a protected category prevented the creation of a contractual relationship or impaired an existing contractual relationship with Plaintiff. *See Astre,* 804 F. App'x. at 667.

Plaintiff has simply not asserted the "but-for" causation standard. To the contrary, Plaintiff's FAC alleges **multiple, race-neutral reasons** for the alleged adverse actions, including but not limited

6

to: (1) poor performance, such as going in and out of the Prison during working hours, being late, "skulking," and not wearing a proper protective suit (FAC, ¶ 18); (2) making an internal complaint regarding the alleged discrimination (FAC, ¶¶ 28, 37)[2]; (3) making a "formal" complaint by filing a charge of discrimination with the Equal Employment Opportunity Commission and/or instituting this action (FAC, ¶¶ 28, 35); (4) being "too much of a liability" (FAC, ¶ 21); and (5) unspecified "cause" (FAC, ¶ 21).

## VI.   PLAINTIFF'S THIRD CAUSE OF ACTION FAILS FOR THE ADDITIONAL REASON THAT IT FAILS TO SET FORTH SUFFICIENT FACTS TO STATE A CLAIM

Plaintiff's Third cause of action for a purported failure to hire under Section 1981 fails for the additional reason that it amounts to nothing more than a mere "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Specifically, Plaintiff alleges, without any support, that Defendants blacklisted him and failed to hire him for twenty-six distinct positions that he claims he applied to over a six-month period. (FAC, ¶¶ 28, 30, 35, 38-41, 44, Ex. 1.)  Plaintiff alleges that "[b]ecause [he] made formal and informal complaints to Defendants about discrimination, he was … denied subsequent employment opportunities … by Defendants and/or [its] affiliates in multiple states[3] through the filing of this complaint."  (FAC, ¶ 28; *see also* FAC, ¶ 35.)

Plaintiff also alleges, again without any support, that Defendants have discriminated against him "because of his color, ethnicity, national origin and race in the terms, conditions, privileges of his employment including … [the] failure to hire [him] for multiple positions with Team Health and/or [its] affiliates."  (FAC, ¶ 30.)

These bare assertions are mere "formulaic recitation of the elements" that "disentitles them form the truth." *Ashcroft,* 556 U.S. at 681 (citations and quotations omitted.)

---

[2] /    Plaintiff cannot refute that he claims he was terminated for this race-neutral reason.  He unequivocally alleges, "Dr. Bibi contends that he was illegally retaliated against and terminated by VxL and D&Y/Team Health because he complained to Ms. Seibert and she apparently followed up with VxL."  (FAC, ¶ 23.)
[3] /    Plaintiff's FAC only references jobs located in Alabama.  (*See* FAC, Ex. 1.)

7

1     Plaintiff's proffered "support" for these allegations fail to cure the issue.  (*See* FAC, Ex. 1.)

2   Exhibit 1 to the FAC entitled "*TeamHealth Jobs*" is a chart that identifies a "location," "facility,"[4]

3   "date"[5] and "Job ID"[6] of twenty-six jobs.  (FAC, Ex. 1.)  It does not allege any facts supporting

4   Plaintiff's allegation that Defendants unlawfully blacklisted him and failed to hire him for these

5   positions for improper reasons.  Specifically, Exhibit 1 does not state: (1) whether and when Plaintiff

6   applied for each job, (2) what each job required, (3) whether Plaintiff was qualified for each job, (4) how

7   Defendants evaluated Plaintiff's candidacy for each job (*i.e.*, was Plaintiff immediately rejected, was

8   Plaintiff taken through some of the application assessment process *etc.*), and (5) who was ultimately

9   hired for the position.

10     This claim only tenders "naked assertion[s] devoid of further factual enhancement," which are

11   insufficient to survive a motion to dismiss.  *Ashcroft,* 556 U.S. at 678. (internal citations and quotations

12   omitted).  It must be dismissed.

13   **VII.   PLAINTIFF'S FOURTH CAUSE OF ACTION MUST BE DISMISSED BECAUSE IT
       FAILS TO STATE A CLAIM UNDER THE UNRUH ACT OR SECTION 51.5**

14     Plaintiff also fails to state a claim under the Unruh Act, Cal. Civ. Code section 51.

15     Plaintiff's FAC incorrectly states that the Unruh Act is codified at Cal. Civ. Code section 51.5.

16   (*See* FAC, ¶ 43.)  This is not the Unruh Act.  *See Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d

17   1116, 1124 (9th Cir. 2008) (separately analyzing claims under the Unruh Act and Section 51.5.)

18     Regardless, under either section, Plaintiff's Fourth Cause of Action will fail for the same

19   reason—**the claim cannot be based on unlawful conduct that occurred within the context of an**

20   **employment-like relationship.**

21   ///

22   ///

23   ///

24   ///

25   
26   [4] /     Plaintiff does not identify the "facility" for all of the twenty-six jobs identified in Exhibit 1 to the
     FAC.  (*See* FAC, Ex. 1.)

27   [5] /     Plaintiff's reference to the "date" of these jobs is ambiguous.  For example, "date" could mean
     the date the position was posted or the date Plaintiff allegedly applied to the position.

28   [6] /     Plaintiff does not identify the "Job ID" for all of the twenty-six jobs identified in Exhibit 1 to the
     FAC.  (*See* FAC, Ex. 1.)

8

A.   **Plaintiff's Claim Fails Under The Unruh Act Because He Has Not Alleged, And Cannot Allege, That The Unlawful Conduct Occurred In The Provision Of "Goods, Services, Or Facilities" In A Context That Was Similar To A "Customer-Proprietor Relationship"**

The Unruh Act provides "that all persons are entitled to free and equal accommodations, privileges, facilities, and services in all business establishments."  Cal. Civ. Code § 51.

The statute only applies to discrimination by a "'business establishment' in the course of furnishing goods, services or facilities to its clients, patrons or customers."  *Alcorn v. Anbro Eng'g., Inc.*, 2 Cal.3d 493, 499, 500 (1970).

Thus, the California Supreme Court has held, **twice**, that employment claims are excluded from the statute's protection.  *Id.*  (affirming judgment of dismissal of Unruh Act claim based on allegations that plaintiff was discharged from employment solely because of race); *Rojo v. Kliger*, 52 Cal.3d 65, 77 (1990) ("[T]he Unruh Civil Rights Act has no application to employment discrimination."); *see also Stamps v Superior Court*, 136 Cal App 4th 1441, 1448-49 (2006) citing *Rojo,* 52 Cal.3d at 77 and *Alcorn,* 2 Cal.3d. at 500.

Even though Plaintiff here is an independent contractor, and not an employee, as a matter of law,[7] the classification of the working relationship between a plaintiff and defendant is a distinction without a difference.  *See Johnson,* 534 F.3d at 1124 (Unruh claim barred by contractor for services who was not an employee); *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 875 (9th Cir. 1996) (Unruh claim barred by partner who was not an employee).  The inquiry is whether the unlawful conduct occurred in connection with the provision of "goods, services, or facilities" in a context that was similar to a "customer-proprietor relationship."  *Johnson,* 534 F.3d at 1124, *Strother,* 79 F.3d at 875.  Both cases are directly on point.

In *Strother*, the Ninth Circuit ruled that a physician who worked as a partner in a clinic owned by a medical group could not bring an Unruh Act claim against the medical group because her relationship

---

[7]/   The contract entered into between D&Y and Plaintiff unequivocally states that the relationship between the two is that of independent contractor.  (*See* Schwartz Decl.,¶ 9, Ex. 1, pp. 1, 2 § 3,  3 § 9.) There can be no doubt that the Court can examine the contract in connection with its review of this Motion.  The FAC refers to the contract (FAC, ¶ 14), it is central to Plaintiff's claim as this action concerns purported discrimination and retaliation that occurred in carrying out the terms of the contract, and Plaintiff has not, and cannot, challenge the contract's authenticity.  *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

9

to the medical group was more like an employee than that of a "client, patron, or customer."  79 F.3d at

873-75.  This was true even though the plaintiff asserted that her relationship with the medical group

entitled her to many benefits:

> Strother argues that she is protected by the Unruh Act because in her position at the Medical Group she is "entitled to receive economic benefits, the use of certain medical facilities, medical supplies and other goods, management courses, and a variety of privileges, advantages, and services, including opportunities for promotion and advancement." **These benefits, however, are no different than those that would be received by any doctor who was, as she once was, a mere employee of the Medical Group. Being a "recipient" of these benefits does not entitle Strother to the protection of the Unruh Act any more than an employee's being the "recipient" of a paycheck gives him or her Unruh Act protection**.
>
> **Even if Strother were considered a bona fide partner rather than an "employee" for the purpose of FEHA**, [8] her relationship to the Medical Group is more like that of an employee than that of a "client, patron or customer." The district court properly granted the Medical Group's [] motion for summary judgment on Strother's Unruh Act claims.

*Id.* at 874.

The Ninth Circuit reached the same conclusion in a suit filed by a physician against the hospital

it contracted with to perform services.  *Johnson,* 534 F.3d at 1125-26.  There, the Court determined that

the gravamen of the contractor's action was allegations of workplace discrimination, not discrimination

in the provision of "goods, services, or facilities" prohibited by Section 51.  *Id.* at 1126.  Accordingly,

the physician could not state a claim:

> We continue to follow our decision in Strother and conclude that Johnson's § 51 claims are foreclosed by the fact that his relationship with Riverside **was materially indistinguishable from that of an employee.…**
>
> **California law continues to require a plaintiff asserting a claim under § 51 to demonstrate that his relationship with the offending organization was "similar to that of the customer in the customer-proprietor relationship."** [citation omitted] Johnson has made no such demonstration.

*Id.* at 1126.

Here, Plaintiff's Section 51 claim suffers the same fate.  The gravamen of Plaintiff's FAC is

alleged discrimination, retaliation and failure to hire in the workplace, whether at the Prison or in

connection with subsequent open positions.  The FAC simply does not allege that the discrimination

occurred in the provision of furnishing goods, services or facilities.  Plaintiff has not shown that his

relationship with Defendants was "similar to that of the customer in the customer-proprietor

---

[8] /    To the extent Plaintiff intends to argue that he should be permitted to state an Unruh claim because he cannot state a claim under FEHA since he is not an employee, this reasoning by the Ninth Circuit effectively rejects such argument.

10

relationship."  To the contrary, although Plaintiff amended his Complaint and conceded that his relationship is that of an independent contractor, his relationship is materially indistinguishable from that of an employee.[9]  Plaintiff's claim must fail.

### B. Plaintiff's Claim Fails Under Section 51.5 For The Same Reasons Plaintiff's Unruh Act Claim Fails

Section 51.5 prohibits a "business establishment" from discriminating against, boycotting or blacklisting, or refusing to contract with any person on account of a protected characteristic.  The Ninth Circuit considers it to be a "mere extension" of the Unruh Act. *Johnson,* 34 F.3d at 1126 (citations omitted).  Interpreting Section 51.5 consistently with Section 51, courts hold that a plaintiff cannot bring a claim unless he establishes a showing of a "customer-proprietor relationship." *Strother*, 79 F.3d at 875. As the Ninth Circuit put it:

> Thus, we conclude that a plaintiff asserting claims under § 51.5 must demonstrate that he stands in a relationship with the offending business establishment similar to that of a customer in a **customer-proprietor relationship.** As explained above, Johnson has failed to do so here. **Accordingly, we conclude that his claims under § 51.5 must meet the same fate as his claims under § 51.**

*Johnson,* 34 F.3d at 1126-1127.

Thus, to the extent Plaintiff purports to base his Fourth Cause of Action on violations of Section 51.5, his argument fails for the same reason his Section 51 claim fails.

## VIII. PLAINTIFF SHOULD NOT BE PERMITTED LEAVE TO AMEND BECAUSE THE DEFICIENCIES IN THE FAC CANNOT BE CURED

"If repleading cannot cure the deficiencies, the court may dismiss without leave to amend and even dismiss with prejudice." *Saucer v. Bank of America,* 1997 WL 703781, at *1 (N.D. Cal. Oct. 16, 1997) (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)).

Plaintiff's First, Second and Third causes of action should be dismissed without leave to amend because Plaintiff cannot assert but-for causation as he has already plead multiple race-neutral reasons for the alleged adverse actions.

---

[9] /    Indeed, Plaintiff originally alleged that he was an employee of D&Y.  (*See* Compl., ¶ 13) ("At all times relevant, and based upon the facts set forth below, VxL and D&Y were legally and practically "joint employers" of Dr. Bibi….).  Plaintiff no longer makes this assertion.

NOTICE OF MOTION AND MOTION TO DISMISS FAC; MPA ISO THEREOF (CASE NO. 3:21-CV-04670-EMC)
76691632v.3

1
2
3

Similarly, the deficiencies in Plaintiff's Fourth cause of action cannot be cured because the unlawful conduct did not occur in connection with the provision of "goods, services, or facilities" in a context that was similar to a "customer-proprietor relationship," which is required to state a claim.

4
**IX.    CONCLUSION**

5
For the foregoing reasons, Defendants respectfully request that this Court grant its Motion to

6
Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and enter an order dismissing the FAC in its entirety

7
without leave to amend.

8
9

DATED: November 8, 2021                         SEYFARTH SHAW LLP

10
By: */s/ Lauren S. Schwartz*

11
  Jonathan L. Brophy
  Lauren S. Schwartz

12
Attorneys for Defendants
Daniel & Yeager, LLC and Team Health, LLC

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

76691632v.3