# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

**Date:** March 31, 2022     **Time:** 26 minutes     **Judge:** EDWARD M. CHEN

**Case No.**: 21-cv-04670-EMC     **Case Name:** Bibi v. VxL Enterprises, LLC

**Attorney for Plaintiff:** Gregory Paul
**Attorney for Defendant:** Jonathan Brophy and Lauren Schwartz

**Deputy Clerk:** Vicky Ayala     **Zoom Webinar Time:** 3:11-3:37

## PROCEEDINGS

Motion to Dismiss and Initial Case Management Conference - held

## SUMMARY

Parties stated appearances.

The Court heard Defendants' motion to dismiss. D&Y does not seek dismissal of the retaliatory termination claim. Dr. Bibi concedes D&Y should be dismissed from the unlawful job rejection claim. His dismissal claim against Team Health is dismissed as no new relevant facts are alleged. The parties dispute whether Plaintiff Dr. Bibi has pled a plausible claim for retaliatory failure to hire against Defendant Team Health. The dispute specifically relates to the causal connection between Dr. Bibi's protected activities and Team Health's denials of his job applications, which turns on whether Team Health possessed knowledge of Dr. Bibi's prior protected activities.

As the Court previously held, a mere allegation that D&Y and Team Health are affiliated companies does not give rise to a plausible inference of such knowledge. The Court noted at the hearing that Dr. Bibi's additional factual allegations in his SAC still fail to show that Team Health hiring decisionmakers had information about Dr. Bibi's discrimination complaint, EEOC charge, and filing of this lawsuit (prior to its filing). *See Raad v. Fairbanks N. Star Borough Sch. Dist.,* 323 F.3d 1185, 1197 (9th Cir. 2003). *Compare Polk v. Yellow Freight System, Inc.,*

876 F.2d 527, 531 (6th Cir.1989) (circumstantial evidence from which a reasonable jury could infer the supervisor's knowledge of the plaintiff's protected activity); *Morales v. Trinity Servs. Grp., Inc.,* 2020 WL 8610852, at *1, *6 (C.D. Cal. Aug. 18, 2020) ("relevant inquiry is what GPC knew or thought about that prior FEHA action when it made its decision not to hire Plaintiff").  While Dr. Bibi alleges there was an admitted shortage of doctors but he was never interviewed for any position, and he was told Team Health knew he had worked for them, there is no indication of Team Health's knowledge about his experience with D&Y and the San Quentin matter.

  The Court granted Defendants' motion to dismiss Dr. Bibi's retaliatory failure to hire claim against Team Health with leave to amend should evidence surface demonstrating Team Health's knowledge of his termination from D&Y.  The Court ordered both parties to timely engage in initial disclose of information required by the F.R.C.P. 26(a) and under General Order 71.  The Court specifically noted that any communication between Team Health and D&Y (or their affiliated companies) regarding Dr. Bibi's employment history or job applications shall be produced.

**Court set Trial for 4/24/2023.**  A scheduling order will be issued.

CASE CONTINUED TO: **10/11/2022, at 2:30 P.M., for Status Conference.**  Joint status report **due by 10/4/2022.**